ALLEN FARMS, INC., Appellant,

v.

ARKANSAS POWER & LIGHT COMPANY, Appellee.

The A.V. GARDNER TRUST by its Trustees, Appellant,

v.

ARKANSAS POWER & LIGHT COMPANY, Appellee.

Tasker RODMAN, Appellant,

v.

ARKANSAS POWER & LIGHT COMPANY, Appellee.

Ones J. DAVIDSON, Louella Davidson, his wife, for themselves and a class similarly situated, Appellants,

v.

ARKANSAS POWER & LIGHT COMPANY, Appellee.

Myrtle Fay EDWARDS, Appellant,

v.

ARKANSAS POWER & LIGHT COMPANY, Appellee.

Nos. 81–2288, 81–2289, 81–2402 and 81–2403.

United States Court of Appeals, Eighth Circuit.

Submitted June 15, 1984.

Decided July 30, 1984.

**402**

Bill W. Bristow, Jonesboro, Ark., Steve Bell, John Norman Harkey, Batesville, Ark., for appellants.

Robert L. Robinson, Jr., Wm. David Duke, House, Wallace & Jewell, P.A., Little Rock, Ark., for appellee.

Before BRIGHT and McMILLIAN, Circuit Judges, and LIMBAUGH,* District Judge.

PER CURIAM.

Allen Farms and other landowners (landowners) brought suit in federal district court under 42 U.S.C. § 1983 alleging that Arkansas Power & Light Co. (AP&L) deprived them of their rights under the Unit-

ed States Constitution when, in the course of condemnation proceedings, it made in bad faith an inadequate deposit in the state court registry. The district court dismissed these claims on the ground that they could have been raised in the state condemnation proceedings and were therefore barred by principles of res judicata. In light of our recent opinion in *Edwards v. Arkansas Power & Light Co.,* 683 F.2d 1149 (8th Cir.1982), we vacate the district court's decisions and remand these cases with directions for the district court to abstain until the state courts decide whether the landowners' bad faith claims could have been raised and resolved in the condemnation proceedings.

' In *Edwards v. Arkansas Power & Light Co., supra,* the landowner, a defendant in condemnation proceedings instituted by AP&L, counterclaimed for damages on federal constitutional grounds because AP&L allegedly made in bad faith an inadequate deposit into the state court registry in order to obtain title to the landowner's property. After having his counterclaim in state court dismissed without prejudice, the landowner brought suit in federal court under 42 U.S.C. § 1983 to recover interest at the going rate for the amount of the deposit that was wrongfully withheld and for attorneys' fees he incurred in establishing the value of his land in the condemnation proceeding. The district court dismissed the section 1983 claim, but we vacated the dismissal and directed the district court to abstain until the state courts could determine, among other things, whether the landowner's bad faith claim states a cause of action under Arkansas law.

We must decide whether our abstention ruling in *Edwards* applies in this case. *Edwards* is similar to this case in all principal respects, except that here the landowners did not attempt to preserve their rights in the state court condemnation proceedings by an answer or counterclaim asserting the alleged constitutional violations. AP&L

---

* STEPHEN N. LIMBAUGH, United States District Court for the Eastern and Western Districts of Missouri, sitting by designation.

contends that because the federal claims could have been raised in the condemnation proceedings, principles of res judicata bar the litigation of these claims in federal court. The landowners concede that their present claims are barred if they could have been raised in the state condemnation proceedings, but they argue that under Arkansas law they could not have raised these claims in those proceedings.

Whether the landowners' bad faith claim could have been raised in state condemnation proceedings was the issue that we directed the district court to abstain from deciding in *Edwards*. Should the state courts ultimately determine that the state condemnation proceedings offer no opportunity for the resolution of the bad faith claim, principles of res judicata would not necessarily bar the landowners' federal claims. Thus, we conclude that our decision in *Edwards* ordering abstention in part governs these appeals, and the district court should abstain until the Arkansas state court resolves the issues in *Edwards*. If the state courts determine that the landowners could not have litigated their bad faith claims in state court, AP&L may still raise the separate issue present in these cases, but not in *Edwards*, that the landowners should have initially raised their bad faith claims in the state condemnation proceedings in order to preserve them for federal litigation.

Accordingly, we vacate the judgments of the district court in each of these cases and direct the district court to abstain until the state courts have resolved the issues in *Edwards,* and thereafter to take such further action as may be appropriate and consistent with this opinion.